**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DAVID J. LLAMAS,

Plaintiff,

vs.

NORTH LAS VEGAS POLICE DEPARTMENT, *et al.*,

Defendants.

Case No.: 2:25-cv-01647-GMN-EJY

**ORDER DENYING MOTION IN LIMINE**

Pending before the Court is Plaintiff David Josue Llamas's Motion in Limine, (ECF No. 11), to which Defendants City of North Las Vegas, Oscar Conchas, and Nicolas Harris filed a Response, (ECF No. 12). Plaintiff asks this court to exclude body worn camera footage Defendants disclosed in discovery, which Plaintiff asserts has been tampered with.

In general, "[t]he court must decide any preliminary question about whether . . . evidence is admissible." Fed. R. Evid. 104(a). "Although the [FRE] does not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing FRE 103(c)). In limine rulings "are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *see also Luce*, 469 U.S. at 41 (noting that limine rulings are always "subject to change," especially if the evidence unfolds in an unanticipated manner). To exclude evidence on a motion in limine, the evidence must be "clearly inadmissible on all potential grounds." *Ind. Ins. Co v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in the proper context."

*Hawthorne Partners v. AT & T Tech, Inc.*, 831 F.Supp. 1389, 1400 (N.D. Ill. 1993). This is because although rulings on motions in limine may save "time, costs, effort and preparation, a court is almost always better suited during the actual trial to assess the value and utility of evidence. *Wilking v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1218 (D. Kan. 2007).

Here, Plaintiff fails to provide any support for his claim that the body worn camera footage has been tampered with.[1] Plaintiff points to nothing, other than his subjective belief, that would allow the Court to conclude that the footage has been tampered with. (*See generally* Mot. Limine, ECF No. 11). Moreover, Plaintiff does not provide any legal authority to support his request for exclusion. For these reasons, Plaintiff has not met his burden of showing that the body worn camera footage should be excluded. Thus, the Court DENIES Plaintiff's Motion in Limine.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion in Limine, (ECF No. 11), is **DENIED.**

**DATED** this 24 day of August, 2026.

Gloria M. Navarro, District Judge
United States District Court

[1] Plaintiff identifies the allegedly tampered-with footage as that captured by the "blonde female officer." Defendants explain that Plaintiff is likely referring to NLVPD Officer Laurianne Allen.